1

2

3

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   DEBORAH A. BRODIE,

                                          NO:  12-CV-0469-TOR
8                      Plaintiff,

                                          ORDER GRANTING DEFENDANTS'
9        v.                               MOTION TO DISMISS FOR
                                          FAILURE TO STATE A CLAIM
10  NORTHWEST TRUSTEE
    SERVICES, INC., et al.,
11
                       Defendants.
12

13       BEFORE THE COURT are JPMorgan Chase Bank's and U.S. Bank's

14  Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 7), and Northwest

15  Trustee Services, Inc.'s Motion for Joinder in Support of the motion (ECF No. 13).

16  These matters were heard without oral argument on September 21, 2012.  The

17  Court has reviewed the motion, the response, and the replies, and is fully informed.

18                              BACKGROUND

19       This lawsuit is a challenge to Defendants' collective authority to foreclose

20  on a Deed of Trust executed by Plaintiff as security for a $560,000 home mortgage

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 1

loan.  Plaintiff concedes that she has defaulted on the loan, but alleges, *inter alia*, that the loan is no longer secured by the Deed of Trust due to alleged defects in the transfers of the loan and security instrument among the Defendants.  As discussed below, Plaintiff's claim that the loan and security instrument have become "forever separated" fails as a matter of law.  In addition, Plaintiff's remaining claims are either pled with insufficient particularity or are asserted against improper defendants.  Accordingly, the Court will grant Defendants' motion to dismiss.

FACTS

Plaintiff Deborah Brodie ("Plaintiff") purchased a second home in Chelan, Washington ("the Property"), on March 16, 2007.  To finance the purchase, Plaintiff borrowed $560,000 from Defendant Washington Mutual.  In consideration for this loan, Plaintiff executed a Promissory Note ("the Note") and Deed of Trust in favor of Washington Mutual.  The Deed of Trust was subsequently recorded in the Chelan County Auditor's Office.

In April 2007, the Note was sold into a securitized trust known as the WaMu Mortgage Pass-Through Certificates Series 2007-OA4 ("the Trust").  The terms of this sale were governed by a Pooling and Servicing Agreement ("PSA"), which required that the Note and the Deed of Trust be transferred into the Trust by April 26, 2007.

On September 25, 2008, Washington Mutual was placed into receivership by the Federal Deposit Insurance Corporation ("FDIC") and sold to Defendant JPMorgan Chase Bank.  This transaction resulted in Defendant JPMorgan Chase acquiring the vast majority of Washington Mutual's assets—including the Note and Deed of Trust.

By early 2011, Plaintiff had defaulted on the loan.[1]  Despite being granted at least one loan modification and taking out a second mortgage on another property, Plaintiff was unable to stay current on her monthly payments.  Several months later, Defendant JPMorgan Chase decided to foreclose on the Property.  To facilitate this process, Defendant assigned the Deed of Trust to Defendant U.S. Bank—which by that time had succeeded LaSalle Bank as Trustee of the WaMu Trust—by way of an Assignment of Deed of Trust dated October 4, 2011.  Defendant U.S. Bank subsequently appointed Defendant Northwest Trustee Services ("NWTS") as successor trustee for purposes of foreclosing on the Property by way of an Appointment of Successor Trustee dated November 16,

---

[1] The Amended Complaint does not state the precise date on which Plaintiff defaulted on the loan.  The facts alleged in Paragraphs 3.11-3.14 appear to suggest that Plaintiff originally defaulted on the loan several years earlier.  In any event, it is undisputed that Plaintiff is currently in default.

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 3

2011.  On March 20, 2012, Defendant NWTS filed a Notice of Trustee's Sale in the Chelan County Auditor's Office.

Wishing to halt the foreclosure proceedings, Plaintiff filed this lawsuit in Chelan County Superior Court on June 18, 2012.  Plaintiff filed an Amended Complaint on June 25, 2012, asserting causes of action for, *inter alia*, wrongful foreclosure, violations of the Washington Consumer Protection Act ("CPA"), and declaratory and injunctive relief.  Defendants removed the case to this Court on July 13, 2012, and now seek to dismiss Plaintiff's causes of action for failure to state a claim.

DISCUSSION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a [plaintiff's] claim."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To survive such a motion, a plaintiff must allege facts which, when taken as true, "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted).  In order to satisfy this standard, the allegations in a complaint must be sufficient "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The tenet that a court must accept all factual allegations in a plaintiff's complaint does not apply to legal conclusions; thus, threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Although Rule 8 marks a significant departure from antiquated code-pleading requirements, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

In determining whether a plaintiff has satisfied Rule 8(a)(2)'s "short and plain statement" requirement, a court must identify the applicable elements of the plaintiff's claim(s) and determine whether those elements could be proven on the facts pled. Although a court may (and generally should) draw reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, --- F.3d ----, 2012 WL 3983909 at *4 (9th Cir., Sept. 12, 2012), it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

Federal Rule of Civil Procedure 9(b) governs the pleading of allegations involving fraud or mistake. In contrast to the more lenient standard set forth in

Rule 8(a)(2), Rule (9)(b) requires that a party "state with particularity the circumstances constituting fraud or mistake" in his or her complaint.  To satisfy this standard, the allegations of fraud must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong."  *Vess v. CibaGeigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotation and citation omitted). Accordingly, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged."  *Id.* (quotation and citation omitted). A party may, however, plead allegations of "[m]alice, intent, knowledge, and other conditions of a person's mind" more generally.  Fed. R. Civ. P. 9(b).

Finally, the Ninth Circuit has repeatedly held that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  The standard for granting leave to amend is generous: "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

**A. Wrongful Foreclosure & Lack of Standing to Foreclose**

Plaintiff alleges that Defendant NWTS lacks standing to foreclose upon the property because (1) the Promissory Note and the Deed of Trust[2] have been "forever separated" such that the Deed of Trust no longer secures the obligation evidenced by the Note; and (2) the document appointing NWTS as successor trustee was fraudulently executed by Defendant JPMorgan Chase.  Pl.'s FAC, ECF No. 1-1, at ¶¶ 4.2-4.3.  For the reasons discussed below, neither allegation states a claim upon which relief may be granted.

### 1.  The Note Remains Secured by the Deed of Trust

Plaintiff has advanced two theories in support of her allegation that the Note is no longer secured by the Deed of Trust.  First, Plaintiff argues that the Note was not properly transferred by Washington Mutual into the Trust in April 2007.  *See* ECF No. 23 at 9 (conceding that while Washington Mutual *sold* the Note to the Trust, "there is no evidence at all when, or for that matter if, the Note was *actually*

---

[2] A statutory deed of trust memorializes "a three-party transaction in which land is conveyed by a borrower, the 'grantor,' to a 'trustee,' who holds title in trust for a lender, the 'beneficiary,' as security for credit or a loan the lender has given the borrower."  *Bain v. Metro. Mortg. Grp., Inc.*, --- P.3d ---, 2012 WL 3517326 at *3 (Wash., Aug. 16, 2012) (quotation and citation omitted).

1  *transferred or indorsed* [by Washington Mutual] to [the Trust or] some other

2  entity") (emphasis added).  Because Defendants have not come forward with

3  affirmative evidence that the right to receive payment under the Note was properly

4  transferred, Plaintiff argues, the Deed of Trust which secures that right has become

5  a "worthless piece of paper."  ECF No. 23 at 9.  Thus, according to Plaintiff,

6  Defendant NWTS lacks legal authority to foreclose on the Deed of Trust.

7      This argument is an elaborate variation on the so-called "show me the note"

8  claim[3] commonly asserted in non-judicial foreclosure cases.  Such claims have

9  been almost universally rejected in Washington.  *See, e.g.*, *U.S. Bank Nat'l Ass'n v.*

10 *Woods*, 2012 WL 2031122 at *5 (W.D. Wash., June 6, 2012) (unpublished);

11 *Beaton v. JPMorgan Chase Bank N.A.*, 2012 WL 909768 at *3 (W.D. Wash.,

12 March 15, 2012) (unpublished); *Freeston v. Bishop, White & Marshall, P.S.*, 2010

13 WL 1186276 (W.D. Wash., Mar. 24, 2010) (quoting *Diessner v. Mortgage*

14 *Electronic Registration Systems*, 618 F.Supp.2d 1184, 1187 (D. Ariz. 2009)

15 (collecting cases)).  As several courts have explained, a "show me the note" claim

16

17 [3] In general, a "show me the note" claim alleges that a trustee lacks standing to

18 initiate a non-judicial foreclosure on a deed of trust due to an alleged defect in the

19 process by which the trustee came to hold the note.  *See Diessner v. Mortg. Elec.*

20 *Registration Sys.*, 618 F. Supp. 2d 1184, 1187-88 (D. Ariz. 2009).

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 8

is not cognizable under Washington law because the Deed of Trust Act ("DTA") does not require a lender to prove ownership of the note to the borrower before initiating foreclosure proceedings; rather, the DTA merely requires a foreclosing lender to demonstrate its ownership of the note to the *trustee*. *See Frase v. U.S. Bank, N.A.*, 2012 WL 1658400 at * 5 (W.D. Wash., May 11, 2012) (unpublished); *Bowler v. ING Direct*, 2012 WL 1536216 at * 3 (W.D. Wash., May 1, 2012) (unpublished). Accordingly, a borrower's allegations of a "failed [i]ndorsement" are insufficient to state a claim for wrongful foreclosure. *Id.* at *2, *5; *but see Frazer v. Deutsche Bank Nat'l Trust Co.*, 2012 WL 1821386 at *2 (W.D. Wash., May 18, 2012) (unpublished) (dismissing a "show me the note" claim on summary judgment where note at issue bore a valid indorsement).

In any event, even assuming *arguendo* that a defective indorsement occurred, such a defect did not cause the Deed of Trust to become "forever separated" from the Note, thereby rendering the Deed of trust "a worthless piece of paper." Indeed, Plaintiff's own authority compels the opposite conclusion—that the Note remains secured by the Deed of Trust:

> *The note and mortgage are inseparable*; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.

*Carpenter v. Longan*, 83 U.S. 271, 274 (1872) (emphasis added) (footnote omitted); *see also Tripoli v. Branch Banking & Trust Corp.*, 2012 WL 2685090 at

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 9

*3 (Dist. Utah, July 6, 2012) (unpublished) ("Thus, even if BB&T or MERS had attempted to separate the Note from the Trust Deed, the security was paired, as a matter of fact, with the Note at all times, regardless of any purported attempt to separate the two."). Thus, to the extent that the Note was never successfully transferred, neither was the Deed of Trust; both would have remained in the hands of the original lender. *See Bain v. Metropo. Mortg. Grp., Inc.*, --- P.3d ----, 2012 WL 3517326 at *7-*9 (Wash., Aug. 16, 2012) (holding that "only the actual holder of the promissory note" may qualify as a "beneficiary" entitled to hold a security interest in mortgaged property under the Washington Deed of Trust Act). Accordingly, there is simply no merit to Plaintiff's argument that the Deed of Trust has been miraculously transformed into a "worthless piece of paper." In sum, the Note remains secured by the Deed of Trust.

Plaintiff's second argument in support of her allegation that the Note and Deed of Trust have been "forever separated" is that Washington Mutual failed to timely and properly transfer the Note and Deed of Trust pursuant to the terms of the Trust Pooling and Servicing Agreement ("PSA"). Pl.'s FAC, ECF No. 1-1, at ¶ 3.20. As Defendants correctly note, several courts have held that a borrower does not have standing to enforce the terms of pooling and servicing agreements to which he or she is not a party. *See, e.g., Frazer*, 2012 WL 1821386 at * 2 (W.D. ("Plaintiffs are not parties to the pooling and servicing agreement and present no

1   authority suggesting standing to challenge it."); *Bank of New York Mellon v.*

2   *Sakala*, 2012 WL 1424665 at *5 (W.D. Wash., April 24, 2012) (unpublished)

3   (dismissing borrower's FDCPA claims based upon violations of a PSA where

4   borrowers were neither parties to nor intended beneficiaries of the PSA); *Paatalo*

5   *v. JPMorgan Chase Bank, N.A.*, 2012 WL 2505732 at *7 (W.D. Wash., June 28,

6   2012) (unpublished) ("[A] borrower does not have standing to challenge

7   assignments and agreements to which it is not a party."). The Court agrees with

8   this reasoning and concludes that Plaintiff does not have standing to pursue a cause

9   of action based upon alleged violations of the PSA. Accordingly, Plaintiff's claim

10  for wrongful foreclosure on the theory that the Note is no longer secured by the

11  Deed of Trust is dismissed with prejudice.

12         2.  Plaintiff's Allegations of "Robo-Signing" are Insufficiently Detailed

13         The Amended Complaint also alleges that Defendants lack standing to

14  foreclose upon the property because the Assignment of Deed of Trust,

15  Appointment of Successor Trustee, and Notice of Trustee's Sale were all "forged

16  and/or fraudulently executed" by "known robo signer[s] [who] did not have

17  personal knowledge of the document[s] and did not personally sign the

18  document[s]." Pl.'s FAC, ECF No. 1-1, at ¶¶ 3.21, 3.23, 3.24, 3.27, 4.2, 4.3.

19  These allegations are not sufficiently detailed to satisfy Rule 9(b)'s heightened

20  pleading standard. Notably, Plaintiff has not pled any specific facts to support her

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 11

assertion that the documents were executed by "known robo-signer[s]." If Plaintiff does in fact "know" these individuals to be robo-signers, she must plead specific facts to support that claimed knowledge. In the absence of any such facts, Plaintiff's allegations are impermissibly conclusory. *See, e.g., Cerecedes v. U.S. Bancorp*, 2011 WL 2711071 at *5 (C.D. Cal., July 11, 2011) (unpublished) ("Rule 9(b) and *Twombly* require plaintiffs to set forth more than bare allegations of "robo-signing" without any other factual support."); *James v. ReconTrust Co.*, 845 F. Supp. 2d 1145, 1169 (D. Or., Feb. 29, 2012) (dismissing conclusory claims of unauthorized robo-signing of assignment of deed of trust and appointment of successor trustee); *Mickelson v. Chase Home Fin.*, LLC, 2011 WL 5553821 at *3 (W.D. Wash., November 14, 2011) (unpublished) (dismissing "threadbare allegations" of robo-signing). This claim will be dismissed with leave to amend within fourteen (14) days of the date of this order.

**B. Washington Consumer Protection Act**

To prevail on a CPA claim, a plaintiff must demonstrate: (1) an unfair or deceptive act or practice; (2) occurring in the conduct of trade or commerce; (3) which impacts the public interest; (4) an injury to business or property; and (5) a causal link between the injury and the deceptive act or practice. *Columbia Physical Therapy, Inc., P.S. v. Benton Franklin Orthopedic Assoc., P.L.L.C.*, 228 P.3d 1260, 1269 (Wash. 2010). In this case, Plaintiff has alleged that Defendants

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 12

violated the CPA by (1) "robo-signing" various documents related to the property; (2) fraudulently inducing Plaintiff to take out a loan which Defendants knew that Plaintiff would be unable to repay; and (3) "refus[ing] to follow standard underwriting guidelines." None of these claims survive Defendants' motion to dismiss.

 1. Allegations of "Robo-Signing"

As discussed above, Plaintiff's allegations of "robo-signing" are not sufficiently detailed to satisfy Rule 9(b)'s heightened pleading standard. Accordingly, Plaintiff's CPA claim based upon these allegations is dismissed with leave to amend within fourteen (14) days of the date of this order.

 2. Fraudulent Inducement;
 3. Refusal to Follow Underwriting Guidelines

Plaintiff alleges that Defendant Washington Mutual violated the CPA by "engag[ing] in misrepresentations, undue influence, overreaching, unconscionable conduct, failure to disclose material facts and fraud in the inducement to convince Plaintiff to accept the loans [sic] on the subject property that Defendant knew or should have known were impossible for Plaintiff to repay" and by failing to follow standard industry underwriting guidelines when processing Plaintiff's loan. Pl.'s FAC, ECF No. 1-1, at ¶¶ 5.3, 5.4. Although Plaintiff initially alleged that Defendant JPMorgan Chase is liable for these alleged violations by virtue of having purchased Washington Mutual, she has since conceded that any claims

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 13

1  arising from Washington Mutual's conduct prior to its acquisition by JPMorgan

2  Chase must be asserted against the Federal Deposit Insurance Corporation

3  ("FDIC").[4]  ECF No. 23 at 24.  Accordingly, Plaintiff's CPA claims against

4  Defendants JPMorgan Chase and Washington Mutual arising from events pre-

5  dating the purchase of Washington Mutual by JPMorgan Chase must be dismissed

6  with prejudice.  Plaintiff is hereby granted leave to amend her complaint to add the

7  FDIC as a named defendant.

8  **C. Negligence**

9  The Amended Complaint alleges that Defendants are liable in negligence for

10  (1) "fail[ing] to exercise ordinary care under all of the circumstances," and

11  "breach[ing] their duty of good faith and fair dealing [to] the Plaintiff"; and (2)

12  failing to perform proper underwriting due diligence to ensure that Plaintiff was

13  qualified to borrow money on the terms set forth in the loan.  Pl.'s FAC, ECF No.

14  1-1, at ¶¶ 6.2-6.4.

15

16  [4] According to Defendant JPMorgan Chase, the Purchase and Assumption

17  Agreement entered into between JPMorgan Chase and the FDIC in September

18  2008 calls for JPMorgan Chase to assume all of Washington Mutual's assets, with

19  the FDIC remaining liable for any borrower claims arising from Washington

20  Mutual's pre-transfer lending activities.  ECF No. 9 at 13-15.

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 14

To the extent that these claims arise from Washington Mutual's pre-September 2008 conduct (*see* Pl.'s FAC, ECF No. 1-1, at ¶¶ 3.7-3.9), they are dismissed with prejudice as to Defendants Washington Mutual and JPMorgan Chase.  To the extent that these claims arise from the alleged "robo-signing" of documents (*see* Pl.'s FAC, ECF No. 1-1, at ¶ 3.27), they are dismissed with leave to amend within fourteen (14) days of the date of this order.

**D. Injunctive Relief**

   1. <u>Preliminary Injunction</u>

Plaintiff's Amended Complaint alleges that Plaintiff is entitled to a preliminary injunction "preventing the non-judicial foreclosure and sale of the contested real property, to preserve the *status quo* pending a hearing/trial upon the matter."  Pl.'s FAC, ECF No. 1-1, at ¶ 7.2.  Despite this allegation, Plaintiff now asserts that she "is not asking for a preliminary injunction."  ECF No. 23 at 21.  Accordingly, Plaintiff's claim for preliminary injunctive relief is dismissed.

   2. <u>Permanent Injunction</u>

The Amended Complaint also alleges that "Plaintiff is entitled to a permanent injunction against the defendants, to prevent them from converting [her] real property to their ownership and benefit."  Pl.'s FAC, ECF No. 1-1, at ¶ 7.2.  In opposing dismissal of this claim, Plaintiff asserts that injunctive relief is available under the Washington Consumer Protection Act, and argues that Defendants

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 15

should be enjoined from taking "deceptive and fraudulent actions against consumers all over the nation[.]"  ECF No. 23 at 22.

As discussed above, Plaintiff's CPA claim based upon allegations of "robo-signing" are not sufficiently detailed, and her CPA claims based upon allegations of fraudulent inducement and failure to follow standard underwriting guidelines have been asserted against improper defendants.  Accordingly, Plaintiff's claim for permanent injunctive relief will be dismissed without prejudice.  Plaintiff is granted leave to amend these claims within fourteen (14) days of the date of this order.

**E. Declaratory Judgment**

Plaintiff's Amended Complaint seeks declaratory relief under Washington's Uniform Declaratory Judgments Act, RCW 7.24.010 *et seq*. ("UDJA").  Pl.'s FAC, ECF No. 1-1, at ¶ 8.2.  This claim seeks a judicial declaration that the Note is no longer secured by the Deed of Trust.  ECF No. 23 at 22-23.  As discussed above, this claim fails as a matter of law.  Accordingly, Plaintiff's claim for declaratory relief is dismissed with prejudice.

**F. Slander of Title**

The Amended Complaint alleges that Defendants slandered the title to Plaintiff's property by filing "forged, fraudulent, deceptive, erroneous and/or void instruments of title, assignments of beneficial interest in title and appointments of

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 16

trustees" in the official records of the Chelan County Auditor.  Pl.'s FAC, ECF No. 1-1, at ¶ 9.2.  To prevail on a claim for slander of title, a plaintiff must prove that the defendant (1) maliciously published; (2) false words; (3) with reference to a pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in pecuniary loss to the plaintiff.  *Rorvig v. Douglas*, 873 P.2d 492, 496 (Wash. 1994).  With regard to the first element, "[m]alice is not present where the allegedly slanderous statements were made in good faith and were prompted by a reasonable belief in their veracity."  *Brown v. Safeway Stores, Inc.*, 617 P.2d 704, 713 (Wash. 1980).

Although the Amended Complaint alleges that "all the Defendants" are liable for slander of title (Pl.'s FAC, ECF No. 1-1, at ¶ 9.2), Plaintiff's briefing makes clear that her slander of title claim is directed toward Defendant NWTS. ECF No. 23 at 23 ("Plaintiff has pled sufficient facts to show that it is possible that NWTS slandered Plaintiff's title to the subject property.").  In essence, Plaintiff's slander of title claim is based on the theory that Defendant NWTS filed the Notice of Trustee's Sale in the Chelan County Auditor's Office with knowledge that Defendant JPMorgan Chase and/or Defendant U.S. Bank had fraudulently executed the Assignment of Deed of Trust and the Appointment of Successor Trustee.  ECF No. 23 at 23.  Thus, according to Plaintiff, Defendant NWTS is

liable for slander of title by virtue of having filed the Notice of Trustee's Sale with knowledge that it lacked legal authority to foreclose on the property.

There are two problems with this theory. First, it is not supported by the facts alleged in the Amended Complaint. Although Plaintiff's opposition brief alleges that Defendant NWTS acted with knowledge that the documents at issue had been fraudulently executed, (*see* ECF No. 23 at 23), her Amended Complaint contains no such allegation. Accordingly, the Amended Complaint does not allege sufficient facts to satisfy the malice element of Plaintiff's slander of title claim.

More importantly, however, this theory fails to state a claim for slander of title as a matter of law. Even if Plaintiff could prove that Defendant NWTS filed the Notice of Trustee's Sale with knowledge that the Assignment of Deed of Trust and the Assignment of Successor Trustee had been executed by a "robo-signer," these facts would be insufficient to establish malice. As noted above, malice requires a showing that the defendant acted in bad faith and without a reasonable belief in the veracity of the published statements. *Brown*, 617 P.2d at 713. That standard is simply not satisfied where, as here, a plaintiff alleges a mere technical defect in the execution of a document affecting title.

Finally, at a more global level, "the initiation of foreclosure proceedings cannot form the basis of a slander of title claim." *Beaton*, 2012 WL 909768 at *3 (citing *Krienke v. Chase Home Finance, LLC*, 2007 WL 2713737 at *5 (Wash.

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 18

App. 2007)); *see also Tuttle v. Bank of New York Mellon*, 2012 WL 726969 at *6 (W.D. Wash., March 6, 2012) (unpublished) (holding that the filing of a Notice of Trustee's Sale cannot give rise to a slander of title claim because "Washington law requires a trustee to record such a notice following a borrower's default.") (citing RCW 61.24.030); *Buddle-Vlasyuk v. Bank of New York Mellon*, 2012 WL 254096 at *5 (W.D. Wash., Jan. 27, 2012) (unpublished) (same); *Oliveros v. Deutsche Bank Nat. Trust Co., N.A.*, 2012 WL 113493 at *5 (W.D. Wash., Jan. 13, 2012) (unpublished) (same). Accordingly, this claim will be dismissed with prejudice, as granting leave to amend would be futile.

## G. Quiet Title

The Amended Complaint alleges that title to the property should be quieted in Plaintiff because "the [Promissory] Note and the [Deed of Trust] have been forever separated and the Note is no longer secured by the [Deed of Trust]." Pl.'s FAC, ECF No. 1-1, at ¶ 10.2. As discussed above, the Note remains secured by the Deed of Trust. Accordingly, Plaintiff's claim to quiet title fails to state a claim upon which relief can be granted. This claim will be dismissed with prejudice, as granting leave to amend would be futile.

## H. Predatory Lending Violations

Plaintiff's Amended Complaint alleges that Defendant Washington Mutual engaged in predatory lending by approving Plaintiff for a loan which it knew or

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 19

should have known that Plaintiff would be unable to repay.  Pl.'s FAC, ECF No. 1-1, at ¶¶ 11.3-11.5.  Although the Amended Complaint alleges that Defendant JPMorgan Chase is liable for these alleged violations by virtue of having purchased Defendant Washington Mutual (*see* Pl.'s FAC, ECF No. 1-1, at ¶ 12.2), Plaintiff has since conceded that these claims may only be asserted against the Federal Deposit Insurance Corporation ("FDIC").  ECF No. 23 at 24. Accordingly, Plaintiff's predatory lending claims against Defendants JPMorgan Chase and Washington Mutual are dismissed with prejudice.

## I.  TILA and RESPA Violations

Plaintiff's Amended Complaint alleges that Defendant Washington Mutual violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, by failing to provide Plaintiff with various mandatory disclosure documents.  Pl.'s FAC, ECF No. 1-1, at ¶¶ 12.3-12.5.  Plaintiff has conceded that these claims may only be asserted against the Federal Deposit Insurance Corporation ("FDIC").  *See* ECF No. 23 at 24.  Accordingly, Plaintiff's TILA and RESPA claims against Defendants JPMorgan Chase and Washington Mutual are dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Defendant Northwest Trustee Services, Inc.'s Motion for Joinder in Support of Defendant JPMorgan Chase Bank's and U.S. Bank's Motion to Dismiss (ECF No. 13) is **GRANTED**.

2.  JPMorgan Chase Bank's and U.S. Bank's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 7) is **GRANTED**.

    a.  The following causes of action are dismissed with prejudice:

        i.    Wrongful Foreclosure / Lack of Standing to Foreclose (lack of security interest);

        ii.   Consumer Protection Act (fraudulent inducement and improper underwriting) – as against all **existing** Defendants;

        iii.  Negligence (breach of duty of good faith and fair dealing) – as against all **existing** Defendants;

        iv.   Preliminary Injunction;

        v.    Permanent Injunction (fraudulent inducement and improper underwriting) – as against all **existing** Defendants;

        vi.   Declaratory Judgment;

        vii.  Slander of Title;

        viii. Quiet Title;

        ix.   Predatory Lending – as against all **existing** Defendants;

        x.    Truth In Lending Act – as against all **existing** Defendants;

xi.  Real Estate Settlement Procedures Act – as against all

**existing** Defendants.

b.  The following causes of action are dismissed with leave to amend:

i.  Wrongful Foreclosure / Lack of Standing to Foreclose ("robo-signing" of documents);

ii.  Consumer Protection Act ("robo-signing" of documents);

iii.  Negligence ("robo-signing" of documents);

iv.  Permanent Injunction ("robo-signing" of documents);

If Plaintiff chooses to amend her complaint as to these four causes of action, she shall do so within **fourteen (14) days** of the entry of this order by way of short, plain statements in a pleading clearly labeled Amended Complaint. *See* Rule 15(d). **This amended complaint will operate as a complete substitute for (rather than a mere supplement to) the present complaint**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 27th day of September, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 22