UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBORAH A. BRODIE,<br><br>                    Plaintiff,<br><br>     v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., et al.,<br><br>                    Defendants. | NO:  12-CV-0469-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM |

BEFORE THE COURT are motions to dismiss for failure to state a claim filed by Defendants Northwest Trustee Services (ECF No. 36) and JPMorgan Chase Bank and U.S. Bank (ECF No. 50).  The first motion was set for hearing without oral argument on December 10, 2012, while the second was set for hearing without oral argument on December 27, 2012.  Briefing by the parties is complete and there is no reason to delay a decision. The Court has reviewed the motions, the responses, and the replies, and is fully informed.

///

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 1

PROCEDURAL HISTORY

On September 27, 2012, the Court granted Defendants' motion to dismiss Plaintiff's First Amended Complaint for failure to state a claim. ECF No. 34. This ruling permanently disposed of Plaintiff's claims against Defendants JPMorgan Chase Bank and U.S. Bank (collectively "JPMorgan Chase") and Defendant Northwest Trustee Services ("NWTS") for (1) wrongful foreclosure / lack of standing to foreclose (lack of security interest theory), (2) violations of the Washington Consumer Protection Act ("CPA") (fraudulent inducement and improper underwriting theories); (3) negligence (breach of duty of good faith and fair dealing theory); (4) preliminary injunctive relief; (5) permanent injunctive relief (fraudulent inducement and improper underwriting theories); (6) a declaratory judgment; (7) slander of title; (8) quiet title; (9) predatory lending; (10) violations of the Truth in Lending Act; and (11) violations of the Real Estate Settlement Procedures Act. ECF No. 34. The Court also dismissed the following claims with leave to amend: (1) wrongful foreclosure / lack of standing to foreclose (robo-signing of documents theory); (2) negligence (robo-signing of documents theory); (3) violation of the CPA (robo-signing of documents theory); and (4) permanent injunctive relief (robo-signing of documents theory). ECF No. 34

Plaintiff filed a Second Amended Complaint[1] on October 10, 2012.  ECF No. 35.  JPMorgan Chase and NWTS now move to dismiss the Second Amended Complaint on the ground that Plaintiff failed to cure the deficiencies which warranted dismissal of her First Amended Complaint.  NWTS further asserts that Plaintiff's allegations of robo-signing fail to state a claim as a matter of law because Plaintiff lacks standing to challenge the allegedly forged documents.  For the reasons discussed below, the Court will dismiss Plaintiff's causes of action against JPMorgan Chase and NWTS with prejudice.

## LEGAL STANDARD

The legal standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are set forth in detail in the Court's prior order.  *See* ECF No. 34 at 4-6.  Briefly, dismissal for failure to state a claim is appropriate when a complaint lacks a cognizable legal theory or fails to allege sufficient facts

---

[1] In its September 27 Order, the Court directed Plaintiff to label any subsequent pleading as an "Amended Complaint."  ECF No. 34 at 22.  Given that this Order dismissed Plaintiff's First Amended Complaint, however, the Court should have directed Plaintiff to label any subsequent pleading as a "*Second* Amended Complaint."  In the interest of clarity, the Court will refer to the operative complaint (ECF No. 35) as the "Second Amended Complaint" in this Order.

in support of such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To survive such a motion, a plaintiff must allege facts which, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted).

## ANALYSIS

In its September 27 Order, the Court granted Plaintiff leave to amend her complaint as to four claims, all of which hinged upon allegations that the Assignment of Deed of Trust and Appointment of Successor Trustee documents were "robo-signed" by individuals who lacked proper authority to execute them. In reaching this decision, the Court found that Plaintiff's allegations were impermissibly conclusory in that Plaintiff had failed to plead specific facts to support her assertions that the documents in question were executed by "known robo-signers." ECF No. 34 at 11-12. In accord with Ninth Circuit precedent, the Court granted Plaintiff leave to amend her complaint to provide further factual support for her allegations of robo-signing. Because the parties did not raise the issue, the Court did not address whether Plaintiff's allegations of robo-signing (if properly supported) would state a legally cognizable claim.

Defendant NWTS now asserts that the allegations of robo-signing in Plaintiff's Second Amended Complaint fail as a matter of law because Plaintiff lacks standing to challenge the allegedly fraudulent agreements. The Court agrees.

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 4

Several courts faced with similar allegations of robo-signing have concluded that a borrower lacks standing to challenge an allegedly fraudulent assignment of a deed of trust and/or an appointment of a successor trustee. *See, e.g.*, *In re MERS Litigation*, 2012 WL 932625 at *3 (D. Ariz., March 20, 2012) (unpublished) (holding that allegations of robo-signing failed to state a claim because plaintiff lacked standing to challenge assignment); *Kuc v. Bank of Am., NA*, 2012 WL 1268126 at *2 (D. Ariz., Apr. 16, 2012) (unpublished) ("[P]laintiff, as a third-party borrower, does not have standing to challenge the validity of any allegedly 'robosigned' recorded assignments."); *Javaheri v. JPMorgan Chase Bank N.A.*, 2012 WL 3426278 at *6 (C.D. Cal., Aug. 13, 2012) (unpublished) (accepting allegations of robo-signing as true, but holding that plaintiff lacked standing to challenge substitution of trustee agreement). The rationale for these decisions is that a borrower cannot be injured by the allegedly fraudulent conduct because the borrower is neither a party to nor an intended beneficiary of the challenged agreements. *See In re MERS Litigation*, 2012 WL 932625 at *3 (borrower could not demonstrate injury attributable to alleged robo-signing because borrower was "uninvolved and unaffected by the alleged[ly] [fraudulent] Assignments"); *Kuc*, 2012 WL 1268126 at *2 (same); *Javaheri*, 2012 WL 3426278 at *6 (same). As Judge Wright of the Central District of California explained in *Javaheri*,

> Only someone who suffered a concrete and particularized injury that is fairly traceable to the substitution [of a trustee] can bring an action

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 5

> to declare the assignment [of the new trustee] as void. . . . [Plaintiff] was not party to this assignment, and did not suffer any injury as a result of the assignment. Instead, the only injury [plaintiff] alleges is the pending foreclosure on his home, which is the result of his default on his mortgage. The foreclosure would occur regardless of what entity was named as trustee, and so [plaintiff] suffered no injury as a result of this substitution. . . . In sum, [plaintiff] . . . lacks standing to assert his robo-signing contentions.

2012 WL 3426278 at *6 (internal citations omitted).

The Court finds the above reasoning persuasive. Because Plaintiff is neither a party to nor a third-party beneficiary of the Assignment of Deed of Trust or the Appointment of Successor Trustee, she could not have been injured by the alleged robo-signing of these documents. To the extent that these documents were in fact robo-signed, they would be *voidable* at the injured party's option. *In re MERS Litigation*, 2012 WL 932625 at *3; *see also Bateman v. Countrywide Home Loans*, 2012 WL 5593228 at *4 (D. Hawaii, Nov. 14, 2012) (unpublished) ("The reason debtors generally lack standing to challenge assignments of their loan documents is that they have no interest in those assignments, and the arguments they make do not go to whether the assignments are void *ab initio*, but instead to whether the various assignments are voidable. Debtors lack standing to challenge voidable assignments; only the parties to the assignments may seek to avoid such assignments.") (citing *Williston on Contracts* § 74:50 (4th ed.)). Contrary to Plaintiff's assertions, robo-signing of the Assignment of Deed of Trust and/or the Appointment of Successor Trustee would not render these agreements—let alone

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 6

the underlying debt obligation—void *ab initio*. At bottom, the alleged misconduct had no bearing whatsoever upon Plaintiff's obligation to make her mortgage payments. Thus, even assuming *arguendo* that Plaintiff's allegations of robo-signing are now pled with sufficient particularity, these allegations fail to state a claim as a matter of law. Accordingly, Plaintiff's causes of action against JPMorgan Chase, U.S. Bank and Northwest Trustee Services —all of which relate to Plaintiff's robo-signing allegations—are dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The motions to dismiss filed by Defendant Northwest Trustee Services (ECF No. 36) and Defendants JPMorgan Chase Bank and U.S. Bank (ECF No. 50) are **GRANTED**.

    a. The following causes of action are dismissed **with prejudice**:

        i. Wrongful Foreclosure / Lack of Standing to Foreclose (robo-signing of documents);

        ii. Consumer Protection Act (robo-signing of documents);

        iii. Negligence (robo-signing of documents);

        iv. Permanent Injunction (robo-signing of documents).

    b. The District Court Executive shall terminate Defendants JPMorgan Chase Bank, NA; U.S. Bank National Association; and Northwest Trustee Services and enter judgment accordingly.

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 7

1  The District Court Executive is hereby directed to enter this Order and
2  provide copies to counsel.
3  **DATED** this 12th day of December, 2012.

     *s/ Thomas O. Rice*

     THOMAS O. RICE
     United States District Judge

ORDER ON DEFENDANTS' MOTION TO DISMISS ~ 8